[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 16, 2006
THOMAS K. KAHN
CLERK

No. 05-15901
Non-Argument Calendar

_____

D. C. Docket No. 03-00397-CV-OC-10-GRJ

RONNIE VAN FRIPP,

Plaintiff-Appellant,

versus

PAUL M. LAIRD, Warden,
ARCHIE LONGLEY, Associate Warden,
JOYCE MANNING, Unit Manager,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 16, 2006)

Before ANDERSON, BIRCH and KRAVITCH, Circuit Judges.

PER CURIAM:

Ronnie Van Fripp, a federal prisoner proceeding pro se, appeals the district court's dismissal of his Bivens action. The district court properly dismissed the complaint because, at the time Fripp filed his complaint, he had experienced an alleged second violation, for which he failed to exhaust his administrative remedies by not seeking a remedy through the prison's grievance process. Accordingly, we affirm.

## I. Background

Fripp filed a pro se complaint against Coleman Federal Corrections Center Warden Paul Laird, Associate Warden Archie Longley, and Unit Manager Joyce Manning (collectively "the defendants" or "the appellees"), alleging that the defendants violated his ex post facto and due process rights when they placed him on refusal status after they previously had agreed to remove him from such status.

According to the complaint, Fripp was sentenced for federal drug offenses in 1985 and, inter alia, ordered to pay $30,000 in fines. He was placed in the Inmate Financial Responsibility Program ("IFRP") to establish a payment plan. According to Fripp, he agreed to participate the IFRP in exchange for placement in a camp facility. The defendants, however, placed him in a low security facility. Fripp then disputed that the fine could be collected and refused to make payments. Based on his refusal to make payments, he was placed on refusal status, which

2

caused him to lose certain prison benefits.

Fripp then filed a request for an administrative remedy, challenging the defendants' authority to collect the fine and his placement on refusal status. Fripp and the Bureau of Prisons ("BOP") reached an informal resolution removing him from refusal status and placing him in IFRP "completed status," the BOP agreeing with Fripp that the fine was void. A few months later, however, the BOP reinstated the IFRP. Fripp initially made payments, but then refused to continue to participate in the IFRP and was placed on the refusal list again. Fripp did not file an additional grievance to challenge the refusal status. Instead, he filed a complaint in federal district court seeking injunctive relief, punitive damages, and mandamus relief under 28 U.S.C. § 1361. According to Fripp, the initial grievance and informal resolution were sufficient to exhaust the administrative remedies.

The defendants moved to dismiss or, alternatively, for summary judgment. The defendants argued, inter alia, that the court lacked subject matter jurisdiction because Fripp failed to exhaust administrative remedies, as he did not appeal the informal resolution and did not file a grievance after the reinstatement of the IFRP. The defendants attached copies of the regulations and an explanation of the grievance process and the IFRP program. The regulations required an inmate to exhaust remedies by filing a formal grievance at the institutional level, and then

appealing to the regional and national levels. Additionally, the attached information explained that the BOP entered into the informal resolution because the BOP mistakenly believed that Fripp's fine was void, but that it reinstated Fripp's participation in the IFRP program when it realized that the fine was valid and enforceable. Fripp then continued to make payments into the fund for several months until he again challenged the validity of the fine and refused to participate in the IFRP.

With respect to the exhaustion issue, Fripp responded that he had exhausted the available administrative remedies and the informal resolution negated any need for further review. The district court granted the motion to dismiss on the ground that Fripp had not exhausted his administrative remedies. The court reasoned that when the informal resolution was rescinded, Fripp had a new basis for seeking relief that required him to exhaust his administrative remedies.

## II. Standard of Review

This court reviews a district court's dismissal for failure to exhaust administrative remedies de novo. Higginbottom v. Carter, 223 F.3d 1259, 1260 (11th Cir. 2000) (per curiam).[1]

---

[1] This court has not addressed whether the failure to exhaust constitutes lack of subject matter jurisdiction (Fed. R. Civ. P. 12(b)(1)) or failure to state a claim upon which relief can be granted (Fed. R. Civ. P. 12(b)(6)). Chandler v. Crosby, 379 F.3d 1278, 1286 n.1 (11th Cir. 2004).

### III. Discussion

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory, even if the process is futile or inadequate. Higginbottom, 223 F.3d at 1261 (11th Cir. 2000). This mandatory exhaustion requirement applies "irrespective of the forms of relief sought and offered through the administrative avenues." Booth v. Churner, 532 U.S. 731, 741 n.6 (2001).

On appeal, Fripp argues that he exhausted his administrative remedies because the informal resolution was resolved in his favor and that he should not need to file what is now an untimely administrative remedy when he succeeded before. We conclude, however, that the district court properly dismissed the complaint for failure to exhaust. Although Fripp originally filed a successful request for administrative remedy, his subsequent placement on the refusal list constituted a new alleged violation, requiring its own exhaustion of administrative remedies.

Despite Fripp's contention that it is the same violation, rendering exhaustion

5

unnecessary, a review of the record shows that the two incidents should be treated separately. After Fripp and the BOP reached an informal resolution and Fripp was removed from the IFRP list, the BOP realized that the fine was valid and enforceable. The BOP placed Fripp in the IFRP program again and Fripp made payments for several months before refusing to participate. When he refused payment once more, the BOP placed him on the refusal list again. Fripp now challenges this placement in refusal status. Because Fripp alleges a new violation following his voluntary participation in the program after the BOP determined that the fine was valid and enforceable, the situation is not part of the same grievance already completed. Therefore, Fripp had to bring the violation to the authorities' attention and file another grievance to exhaust his administrative remedies. Without exhausting his administrative remedies, however, Fripp filed a complaint in federal district court.

Furthermore, exhaustion requirements may now contain a "procedural default" rule. In other words, the fact that a grievance would be untimely does not render the exhaustion process complete. The prisoner still must file the untimely grievance and go through the process in order to exhaust his administrative remedies. Johnson v. Meadows, 418 F.3d 1152, 1157-59 (11th Cir.), petition for cert. filed, (Sept. 8, 2005) (No. 05-6336). Even though Fripp concedes any

6

grievance would be untimely, his failure to file that grievance does not constitute exhaustion.

Finally, the two cases that Fripp cites do not support his argument. In Ross v. County of Bernaillio, the Tenth Circuit held that an inmate was not required to seek further review of a grievance once he had received all the relief available. 365 F.3d 1181, 1187 (10th Cir. 2004). In contrast, here, Fripp faced a new alleged violation after his successful remedy, albeit in relation to the same issue. Because he faced a new violation, he had to exhaust his administrative remedies. In Dixon v. Page, the Seventh Circuit concluded that an inmate who had received relief, which prison officials then failed to follow, had to exhaust his administrative remedies even though he had already successfully obtained relief. 291 F.3d 485, 490 (7th Cir. 2002). Dixon seems to provide more support for the government's argument than it provides for Fripp's argument.

## IV. Conclusion

Because Fripp failed to exhaust his administrative remedies as required by the PLRA, the district court properly dismissed his complaint. We AFFIRM.

7